UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEAN R.G.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C23-117-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ misevaluated the medical opinion evidence and his testimony. Dkt. 15 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently thirty-eight years-old, has a high school education, and previously worked as an order clerk, inventory control clerk, and a bundler. Tr. 24. On March 13, 2020, he applied for benefits, alleging disability beginning December 31, 2018. Tr. 207-08. His application was denied initially and on reconsideration. Tr. 71-89, 90-99. The ALJ conducted a hearing on March 10, 2022, and subsequently found Plaintiff not disabled on March 22, 2022.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

1  Tr. 31-58, 10-30.  As the Appeals Council denied Plaintiff's request for review, the ALJ's

2  decision is the Commissioner's final decision.  Tr. 1-6.

## DISCUSSION

### A. Plaintiff's Testimony

Plaintiff contends the ALJ misevaluated his testimony regarding depression and autism spectrum disorder ("ASD"), both of which were deemed to be severe impairments at step two. Tr. 16. The ALJ found Plaintiff presented objective medical evidence establishing his medically determinable impairments could cause the symptoms alleged, and no affirmative evidence of malingering. The ALJ was therefore required to provide "specific, clear and convincing reasons" for rejecting Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)); *accord Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (confirming that the "clear and convincing" standard continues to apply).

The ALJ discounted Plaintiff's testimony on the grounds:  (1) his conditions responded well to treatment, including medication and therapy, Tr. 20 (citing Tr. 363-65 regarding Plaintiff's medication for his depression, and Tr. 392-418, 809-36, 837-83 regarding Plaintiff's therapy); (2) Plaintiff's "unremarkable presentation" during appointments and mental status examinations, Tr. 20; (3) Plaintiff's activities of daily living, Tr. 20; (4) Plaintiff's past work at Amazon and Macy's and his relationships with coworkers at prior jobs, Tr. 20;  and (5) his interaction with others during online games, along with his relationships with his family and close friends, Tr. 20-21.

1    Plaintiff generally contends the ALJ erroneously provided boilerplate assessments of his
2 testimony. Dkt. 15 at 5; Dkt. 19 at 3. The Court rejects this contention because as noted above,
3 the ALJ provided specific reasons supported by specific citations.
4    Plaintiff also contends the ALJ erred in finding his ASD improved with treatment and
5 that examination findings and his activities of daily living undermined his testimony.[1]  In
6 support, Plaintiff contends his hearing testimony "differentiated" between his ASD and
7 depression symptoms, and he "clearly" testified his ASD symptoms do not respond to treatment.
8 Dkt. 15 at 5. Plaintiff argues, without citation to any authority, legal or otherwise, there is no
9 testing that "can confirm the impact autism has on a particular individual" or can "identify where
10 on the spectrum one's symptoms lie." Dkt. 15 at 6. The Commissioner notes the ALJ cited to
11 therapy notes in support of the finding that Plaintiff's ASD improved with treatment. *See* Dkt.
12 18 at 5-6. Plaintiff argues the records noted by the Commissioner are simply impermissible *post*
13 *hoc* rationalizations. Dkt. 19 at 2.
14    Plaintiff, however, mischaracterizes his hearing testimony and the ALJ's decision, and
15 offers unsupported generalizations regarding ASD. In a June 2021 function report, Plaintiff
16 stated his autism "makes communication difficult," and he has trouble connecting with others.
17 Tr. 241. Plaintiff added his depression caused low motivation and "difficulty concentrating."
18 Tr. 241. However, Plaintiff did not testify to the particular distinctions set forth in his opening
19 and reply briefs regarding his depression and ASD during his March 2022 testimony. *See* Dkt.
20 15 at 5 (asserting absent citation to record that "Plaintiff clearly testified that his [ASD]
21 symptoms do not respond to treatment, nor are they alleviated by medication," and that he

---

[1] Plaintiff does not challenge the ALJ's finding that his depression improved with treatment. Dkt. 15 at 5-6.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1  "differentiated when testifying about what symptoms are related to depression and which are
2  related to his . . . [ASD]"); *cf* Tr. 40-51 (Plaintiff's testimony regarding his symptoms and
3  treatment).

4        Moreover, contrary to Plaintiff's argument, the ALJ indeed cited to the records
5  referenced by the Commissioner in support of the ALJ's finding that Plaintiff's ASD improved
6  with treatment. *See* Tr. 20 (citing Tr. 392-418, 809-36, 837-83 regarding Plaintiff's therapy). As
7  the Commissioner accurately notes, the ALJ specifically cited to Plaintiff's therapy records from
8  2020-2022, which themselves demonstrated that he was making more connections with people,
9  including working with an art group drawing together, communicating with more people online,
10 and learning business techniques to sell his art. *See* Tr. 20 (citing Tr. 408, 401, 832, 829, 839,
11 859, 823).

12       The Court thus finds, the ALJ finding Plaintiff's ASD improved with therapy is a proper
13 basis to discount Plaintiff's testimony and is supported by substantial evidence. This valid
14 reason, in conjunction with another unchallenged reason – Plaintiff's ability to perform full-time
15 work in the past – independently supported the ALJ's assessment of Plaintiff's testimony, even
16 if, as Plaintiff argues, additional reasons were invalid. *See Darian G. v. Comm'r of Soc. Sec.*,
17 No. C22-1463-BAT, 2023 WL 2609071, at *2 (W.D. Wash. Mar. 23, 2023) (same, citing
18 *Carmickle v. Comm'r of Soc. Sec*, 533 F.3d 1155, 1162-63 (9th Cir. 2008)); *see also Jahnsen v.*
19 *Berryhill,* 265 F. Supp. 3d 992, 1002 (D. Alaska 2017) (holding evidence of claimant's past
20 competitive employment sufficiently undermined examining physician's opinion that the
21 claimant's autism prevented him from working). The Court thus declines to disturb the ALJ's
22 assessment of Plaintiff's testimony. *See Darian G.*, 2023 WL 2609071, at *2 (citing *Carmickle*,
23 533 F.3d at 1162-63).

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

B.     **Medical Opinion Evidence**

In November 2020, ARNP Chitchawal Sahatevasukont completed a psychiatric disability evaluation. The ARNP diagnosed autism and major depressive disorder, and opined Plaintiff's ability to sustain concentration and persist in work-related activities functioning was "poor" based on his depression. Tr. 665-73. The ARNP also opined Plaintiff's ability to interact with coworkers, superiors, and to adapt to the usual stressors in the workplace was poor due to Plaintiff's "current level of anxiety and his social impairments related to autistic spectrum." Tr. 671.

The ALJ discounted the ARNP's opinion finding it was "not well-supported." Tr. 22-23. The ALJ found the ARNP's opinion was unsupported because although the ARNP found Plaintiff made poor eye-contact, had depressed mood and constricted affect, Plaintiff otherwise presented in an unremarkable manner in that he had normal speech, was not agitated, had coherent thought process, no delusions and had fair attention and insight. *Id.* The Court finds it was not unreasonable for the ALJ to find Plaintiff's mental status examination findings do not support the limitations the ARNP assessed.

Because Plaintiff's mental status findings were not remarkable, the ALJ concluded the ARNP must have relied heavily on Plaintiff's own self-reports in assessing his limitations. *Id.* In fact, the ALJ acknowledged the ARNP's opinion would be "reasonable" if Plaintiff's self-reports were reliable. However, because the ALJ determined Plaintiff's self-reports are not reliable, the ALJ concluded the ARNP's assessment "cannot be considered accurate." Tr. 22. In support, the ALJ specifically noted Plaintiff statements to the ARNP that he could not get out of bed most days and had little interest in anything are inconsistent with how Plaintiff did not allege he could not get out of bed in applying for disability and did not report this to any other medical source.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

Tr. 22-23. The Court also notes Plaintiff told the ARNP that he draws daily and plays video games for five hours a day and does research on the internet on whatever crosses his mind and that he also watches YouTube videos; these statements appear to be inconsistent with stating he cannot get out of bed and has no interests. Tr. 669.

The ALJ further noted Plaintiff indicated he went to bed between 1:00 and 2:00 AM and rose about 10:00 AM indicating he slept a normal amount, and Plaintiff showed he could focus for extended periods though various activities such as doing art and playing online games. The ALJ also indicated that while Plaintiff told the ARNP his medications were partially helpful, that his treating records showed his medications provided "dramatic therapeutic benefit" and resulted in good control of depression. Tr. 23. The ALJ further noted the ARNP had reviewed only two treating medical notes and not the entire record. Tr. 23.

In short, the ALJ found the ARNP's opinion contained mental status findings that did not support the limitations the ARNP assessed, and the opinion also relied upon information provided by Plaintiff that was unreliable because it was inconsistent with the record as a whole.

Plaintiff argues the ALJ erred because it was permissible for the ARNP to rely on his self-reports because the ARNP did not find Plaintiff's statements unreliable or deceptive. Dkt. 15 at 11-12; Dkt. 19 at 4. Even accepting that mental health evaluations often rely upon statements of the person being evaluated, the Court cannot say it was unreasonable for the ALJ to discount the ARNP's opinion when the statements Plaintiff made to the ARNP are not consistent with other statements Plaintiff has made and inconsistent with other portions of the medical record.

Plaintiff also argues the ALJ failed to make any consistency findings. While the ALJ discounted the ARNP's opinion as not "well-supported" and did not specifically use the term

"consistency finding" in the decision, the ALJ's finding the statements Plaintiff made to the ARNP are inconsistent with his other statements and other portions of the record is "consistency" determination to the extent the ARNP relied upon the statements.  Additionally, the ALJ clearly made a "supportability finding" and that finding alone provides a sufficient basis for the ALJ to discount the ARNP's opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792-94 & n.4 (9th Cir. 2022) (consistency and supportability constitute two distinct factors that should be treated separately); *see also Joseph F. v. Kijakazi*, 2022 WL 17903079, at *7 (C.D. Cal. Oct. 11, 2022) (collecting cases and holding that under *Woods*, the ALJ's failure to address the supportability factor constituted harmless error where ALJ's consistency findings were supported by substantial evidence).

## CONCLUSION

For the foregoing reasons, the Court concludes the ALJ did not err in discounting Plaintiff's testimony or in discounting ARNP Sahatevasukont's opinion. This determination precludes Plaintiff's argument the ALJ erred in assessing his RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The Court accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 21st day of September, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge